UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH DWAYNE VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:09-CV-0072 WL |
| | ) |
| LAKE COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Kenneth Vaughn, a prisoner confined at the Westville Correctional Facility, filed a civil complaint alleging the violation of his federally protected rights while he was housed at the Lake County Jail. He names the State of Indiana and the Lake County Jail as defendants, and seeks $300,000 in damages from each.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived her of a federal right [and] . . . he must allege that the person who has deprived her of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Vaughn brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Vaughn alleges that after he was convicted and awaiting transfer to the Indiana Department of Correction, he was ordered to lie face down in a puddle of water. He complied with the order without resistance. Then, according to the complaint, a custody officer tazed Vaughn in the back, causing him considerable pain, and then sprayed him in the face with mace. Officers then denied Vaughn's request for medical attention.

The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But

"[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). Because the plaintiff states that he had already been convicted when the incidents he complains of occurred, the court will analyze his allegations under the Eighth Amendment's cruel and unusual punishments clause.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether a jail official used excessive force, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley v. Albers*, 475 U.S. at 321-22.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589,

590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Vaughn the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim under the standards set forth in *Hudson v. McMillian* and *Whitley v. Albers* or with his denial of medical treatment claim under the standards of *Estelle v. Gamble*.

Vaughn's damage claims against the State of Indiana, however, are barred by the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment "bar[s] a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

Vaughn also names the Lake County Jail as a defendant, but he may not proceed against the jail in this action. Section 1983 imposes liability on any "person" who violates an individual's federally protected rights "under color of state law." A jail is a building, and "is not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993).

The plaintiff's allegations state an execessive use of force claim and a denial of medical care claim upon which relief can be granted, but he has not named proper defendants. Accordingly the court will afford him time within which to file an amended complaint naming proper defendants. The court advises the plaintiff that he may sue the

4

sheriff for damages in his official capacity if he believes the custody officers acted against him pursuant to an official policy or custom of the jail. He may also sue the individual custody officers who he believes violated his rights in their individual capacities for damages.

For the foregoing reasons, the court:

(1) DENIES the plaintiff leave to proceed against the State of Indiana and the Lake County Jail and DISMISSES those defendants;

(2) DIRECTS the clerk to enclose a 42 U.S.C. § 1983 Prisoner Complaint packet with a copy of this order sent to the plaintiff;

(3) AFFORDS the plaintiff to and including May 11, 2009, within which to file an amended complaint naming the defendants he believes subjected him to cruel and unusual punishment and to provide the court with the materials necessary to serve them with process, and

(4) ADVISES the plaintiff that if he does not file an amended complaint, the court will dismiss this cause of action without prejudice for failure to prosecute.

SO ORDERED.

DATED: April  9 , 2009

                                         s/William C. Lee
                                         William C. Lee, Judge
                                         United States District Court