UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH D. VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:09-CV-0072 WL |
| | ) |
| LAKE COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Kenneth Vaughn, a prisoner currently confined at the Westville Correctional Facility, filed a civil complaint alleging the violation of his federally protected rights while he was housed at the Lake County Jail. The complaint named the State of Indiana and the Lake County Jail as defendants. The court screened the complaint pursuant to 28 U.S.C. § 1915A(a), denied the plaintiff leave to proceed against the State of Indiana and the Lake County Jail, and afforded him until May 11, 2009, within which to file an amended complaint naming the defendants he believes subjected him to cruel and unusual punishment.

The plaintiff has filed an amended complaint, which is now before the court for screening. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a

complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *id.*

In his amended complaint, Vaughn states that the Lake County Jail had a grievance procedure, but that he did not file a grievance presenting his claim to jail officials. (Amended Complaint at p. 2). He further states he did not file a grievance because "I really didn't think a grievance would be [an] effective action so I elected to file a civil complaint." (*Id.*). Failure to exhaust administrative remedies is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), citing *Porter v. Nussle*, 534 U.S. 516 (2002).

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler,* 221 F.3d 1030 (7th Cir. 2000). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Burrell v. Powers,* 431 F.3d. 282, 285 (7th Cir. 2005), quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). No one can know whether administrative requests will be futile; the only way to find out is to try. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 536, citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir.1989). Exhaustion of administrative remedies is a condition precedent to suit in federal court. *Id.* at 335.

"The Supreme Court has also noted that corrective action taken in response to a grievance might satisfy the prisoner, thus obviating the need for the litigation, or alert prison authorities to an ongoing problem that they can correct." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006), citing *Porter v. Nussle*, 534 U.S. at 524-25. So long as a prisoner may obtain some sort of relief from the grievance process, he must exhaust his administrative remedies. After he has exhausted his administrative remedies, the prisoner may then file a civil action seeking damages or other relief not available in the grievance procedure.

Vaugn concedes that he intentionally bypassed the Lake County Jail's grievance procedure. Use of an available administrative remedy is a condition precedent to suit in federal court. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 335. Because Vaughn bypassed the jail's grievance procedure, the court must dismiss his civil complaint. Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), in the event that the plaintiff can remedy his exhaustion problem and return to court.

For the foregoing reasons, the court DISMISSES the amended complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

DATED: August 21 , 2009

                                      **s/William C. Lee**
                                      William C. Lee, Judge
                                      United States District Court